AUTOMATIC SPRINKLER CORPORATION OF AMERICA *a Corporation* v. RUFFNER HOTEL, INCORPORATED, *a Corporation.*

(No. 6682)

Submitted January 27, 1931. Decided February 3, 1931.

*Lilly, Lilly & Warwick,* for plaintiff in error.
*Lively & Stambaugh,* for defendant in error.

WOODS, JUDGE:

This is a notice of motion for judgment to recover money claimed to be due by reason of extra labor performed in the installation of a sprinkler system in the defendant's hotel. Error is prosecuted from a judgment entered on a verdict for plaintiff.

The writing under which the sprinkler system was installed provided that all extra labor required on account of alterations, etc., was to be considered as work additional to that

covered by contract and was to be paid for as an extra to the contract price. No mention, however, was made therein as to what scale would be used in compensating plaintiff for such additional work. The itemized statement attached to the notice groups the extra labor hours under eight different items, but does not give dates when the labor was actually performed. It makes charge against defendant on the basis of a "foreman" and a "helper" at $15.00 and $8.40, respectively, for each eight hours worked.

One of the specifications of error relates to the insufficiency of the evidence to support the verdict. An examination of the record discloses some evidence tending to show that defendant had made a number of alterations not contemplated in the plans upon which the contract for installation of the sprinkler system was based and the materials later fabricated; that such alterations required extra labor on the part of plaintiff in installing the equipment, because the materials had to be altered on the job to make them fit; but nothing appears in any way to show the fair value of the services set out in the statement, and upon which recovery is sought.

In the absence of a special agreement as to the amount to be paid for this extra work, or the mode for the ascertainment thereof, the law implies a promise on the part of defendant to pay the reasonable value thereof. In other words, in such circumstances, the party rendering the service agrees to perform the same, for, and the recipent agrees to pay therefor, the reasonable value of the service at that time and place. 40 Cyc. 2853; 28 R. C. L. 668.

In order to recover for such services, the burden is upon the plaintiff not only to prove what services were actually rendered, but also to show the value thereof. 40 Cyc. 2845. While he is possibly entitled to recover a nominal amount under the evidence (*Belfour* v. *Raney*), 8 Ark. 479; *Gill* v. *New York Cab Co.*, 1 N. Y. Sup. 202), he cannot put down an arbitrary figure in his statement of account, and recover a substantial amount thereon without specific evidence to the effect that the amount set is reasonable. The statement in itself is not proof of anything, in view of the defendant's plea of *nil debit*.

The circuit court properly held that the written contract was not ambiguous, and that the plaintiff, under it, was entitled to recover for all extra labor caused by alterations made subsequent thereto. Therefore the defendant was clearly not entitled to put in the testimony which tended to vary its terms. The other points of error raised also are without merit.

The case is reversed; the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*